# CITY OF SAVANNA

## v.

# WILLIAM LOOP.

*Municipal Corporations—Street Improvements—Injury to Private Property—Evidence—Damages.*

1. In an action by the owner of a lot against a city to recover damages for injury from an improvement of an adjoining street, the jury are to determine whether the improvement taken as a whole damaged the property. If the benefits exceed or equal the damage, the plaintiff can not recover.

2. The question is as to whether the property has been depreciated in value by the construction of the improvement, and this can be determined from an estimate of the value of the property immediately before and after the construction of the improvement.

3. It is proper in such case to admit in evidence a plat showing the land described in the declaration to be divided into town lots.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding.

Messrs. ALVA F. WINGERT and GEORGE L. HOFFMAN, for appellant.

Messrs. J. M. HUNTER and R. E. EATON, for appellee.

MR. JUSTICE HARKER. Appellee is the owner of a tract of land fronting for a distance of five hundred feet on a public street in the city of Savanna, known as Chicago avenue. A portion of it is occupied by himself and family as a residence. The remainder has been divided into town lots to be sold. The street bounds the property on the north. On the north side of the street is an abrupt bluff, into the side of which some years ago excavations were made, and the dirt and stone carried south several feet for the purpose of constructing a country road.

City of Savanna v. Loop.

The road has been used by the public for a long time, but was usually in bad condition. After the city assumed control and made it the street named, further excavations were made, the road bed macadamized, and a stone or rip-rap wall, varying in height from three to six feet, was constructed along the south line of the street near appellee's fence. The effect of this improvement was to destroy appellee's mode of egress and ingress between the street and the property. He claims also to have sustained damage by reason of the breaking and crumbling of rock from the wall over and upon his premises. He accordingly brought suit and recovered judgment against the city for $400.

The chief grounds on which a reversal is asked is that the great preponderance of the evidence shows that appellee was not on the whole damaged but benefited by the street improvement.

As is usually the case in a controversy of this character there was great diversity of opinion among the witnesses as to the effect of the street improvement upon the value of the property. A majority were of the opinion that the property was not damaged but substantially benefited.

But the jury were further enlightened in the case by a personal view of the premises. The inspection, which they made under the direction of the court, enabled them to weigh much more satisfactorily the conflicting testimony than a court reviewing the record merely. We are not prepared to say that the jury reached an incorrect conclusion in deciding against the opinion of a majority of the witnesses. It was not error to admit in evidence the plat showing the land described in the declaration to be divided into town lots.

The rulings of the court in passing upon questions of evidence and in sending the jury to view the premises were consistent with the holdings of our Supreme Court in Springer v. City of Chicago, 135 Ill. 552.

In an action by the owner of a lot against a city to recover damages for injury from an improvement of an adjoining street, the jury are to determine whether the " im-

provement, taken as a whole, damaged the property." If the benefits exceed or equal the damage the plaintiff can not recover. The question is whether the property has been depreciated in value by the construction of the improvement, and this can be determined with certainty from an estimate of the value of the property immediately before and after the construction of the improvement.

The case was presented to the jury by both sides upon that theory of the law. While the third and fourth instructions given for appellee are perhaps open to the criticism that they omit to direct the jury to take into consideration the effect of the entire improvement upon the value of the premises, that feature was made so prominent upon the trial and in other instructions given, that we can not see how the appellant was prejudiced thereby.

We see no good reason for reversing the judgment.

*Judgment affirmed.*